Action by an infant to recover damages for personal injuries and by his father for medical expenses against Howard Johnson, Inc., and Vasilios Louizos, respectively the owner and operator of a truck, Clarence Kalter, owner and operator of a motor vehicle, and George Somin, Kalter’s employer. Louizos double-parked his truck along the westerly side of a street. The infant emerged from the sidewalk between two vehicles parked along the westerly curb of said street in front of and to the south of the truck, and ran into, or was struck by, Kalter’s vehicle, which was proceeding along said street in a southerly direction. Recovery was sought against the owner and operator of the truck on the ground that it obstructed Kalter’s view and was a concurring proximate cause of the accident. At the opening of the trial the complaint was dismissed as to Somin, and during the trial the action was settled with Kalter. The jury rendered a verdict in favor of the infant against Howard Johnson, Inc., and Louizos, and the court directed a verdict in their favor against the infant’s father on his cause of action. Howard Johnson, Inc., and Louizos appeal from so much of the judgment as is in favor of the infant and against them. Judgment insofar as appealed from reversed on the law, without costs, and complaint dismissed. The findings of fact are affirmed. No actionable negligence was shown (Scanlon v. Temple, 297 N. Y. 516; Betancourt v. Wilson, 3 A D 2d 465). Even if it be assumed that Kalter was guilty of negligent operation of his motor vehicle, there is no proof which warrants the inference that the double parking of the truck contributed to the happening of the accident. In fact there is proof to the effect that the double parking caused Kalter to reduce his speed. It was after he had passed the truck at a reduced speed that he saw the “image” of the infant emerging from between the two parked vehicles.
Nolan, P. J., Beldoek, Murphy, Ughetta and Kleinfeld, JJ., concur.